UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MURREY LIFE INS. & ENDOWMENT TRUST,<br><br>        Plaintiff,<br><br>v.<br><br>KOHL'S, INC.<br><br>        Defendant. | Case No.: 3:25-cv-2134-CAB-JLB<br><br>**ORDER**<br><br>**(1) DENYING IFP APPLICATION; and**<br><br>**(2) DISMISSING COMPLAINT**<br><br>[Doc. Nos. 1–2, 4.] |

On August 19, 2025, Plaintiff Murrey Life Insurance and Endowment Trust filed a complaint against Defendant Kohl's Inc. [Doc. No. 1.] Plaintiff also filed a motion for a temporary restraining order against Defendant. [Doc. No. 4.] At the time of filing, Plaintiff did not prepay the civil filing fees 28 U.S.C. § 1914(a) requires. Instead, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). [Doc. No. 2.] For the reasons discussed below, the Court **DENIES** the Plaintiff's motion to proceed IFP and **DISMISSES** this complaint.

///

///

### I. Motion to Proceed IFP

Generally, all parties instituting a civil action in this Court must pay a filing fee. *See* 28 U.S.C. § 1914(a); CivLR 4.5(a). But under 28 U.S.C. § 1915(a), the Court may authorize any suit's commencement, prosecution, or defense without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing he or she is unable to pay filing fees or costs.

Mr. Murrey claims that he is the authorized representative of the Murrey Life Insurance and Endowment Trust. [Doc. No. 1 at 1.] The Ninth Circuit has ruled that a trustee may not proceed pro se on behalf of the trust. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). If Mr. Murrey is representing the interests of the trust, he must obtain counsel to represent the trust. *See Maisano v. Welcher*, 940 F.2d 499, 501 (9th Cir. 1991) (finding that the plaintiffs, who were both trustees and beneficiaries of the trust, lacked standing to maintain an action on behalf of the trust as pro se litigants). Plaintiff's IFP motion is **DENIED** as moot.

### II. Dismissal Pursuant to Fed. R. Civ. P. 12(b)(1)

Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs.*, Inc., 545 U.S. 546, 552 (2005). As it relates to Fed. R. Civ. P. 12(b)(1), "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). As such, the Court can dismiss a case on subject matter jurisdiction grounds sua sponte. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

Although Plaintiff claims that the Court's exercise of jurisdiction is based on a federal question, [Doc. No. 1-1], Plaintiff does not assert a federal cause of action. The only claim that appears alleged, one arising under the Uniform Commercial Code, does not raise a question of federal law. *See, e.g.*, *Maxwell v. Kaylor*, No. 19-CV-07832-LHK, 2020 WL 4732340, at *6 (N.D. Cal. Aug. 14, 2020) (explaining that claims relating to the UCC are based on state law).

The Court construes Plaintiff's complaint liberally. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Looking to diversity jurisdiction as an alternate basis to maintain this lawsuit, 28 U.S.C. § 1332(a), Plaintiff fails to meet the amount in controversy requirement. Diversity jurisdiction "requires complete diversity of citizenship and an amount in controversy greater than $75,000." *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020). Plaintiff fails to identify any damages in his complaint. In the materials attached to his complaint, Plaintiff indicates the Defendant is responsible for only $10,000 in damages. [Doc. No. 1-3.]

Plaintiff's complaint is sparse, and the voluminous materials attached to his filing do not clarify his allegations. *See Jackson v. Ariz.*, 885 F.2d 639, 640–41 (9th Cir. 1989) (a complaint may be dismissed as frivolous if it lacks an arguable basis in law or fact), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). As pleaded, Plaintiff has not established subject matter jurisdiction based on either diversity or a proper federal question. The Court dismisses this entire action under Fed. R. Civ. P. 12(b)(1) without prejudice.

### III. Conclusion

Plaintiffs' IFP application is **DENIED**, and the complaint and motion for temporary restraining order are **DISMISSED**. Plaintiff may refile any amended complaint by **September 3, 2025**. As explained, Mr. Murrey may not proceed pro se in a legal action on behalf of the trust he represents.

It is **SO ORDERED**.

Dated: August 20, 2025

_____
Hon. Cathy Ann Bencivengo
United States District Judge